UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| BOBBY LEE KENNEDY, | ) | CASE NO. 3:07 CV 3361 |
| | ) | |
| Petitioner, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| TITUS MEADOWS, WARDEN, et al., | ) | |
| | ) | |
| Respondents. | ) | |

Petitioner Bobby Lee Kennedy filed a pro se petition in United States District Court of the Middle District of Georgia on July 23, 2007. Kennedy v. Meadows, et al., No. 1:07cv0120 (MD Ga. filed July 23, 2007). Mr. Kennedy filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 against Titus Meadows, Warden at Calhoun State Prison in Morgan, Georgia, the Georgia Board of Pardons, the Ohio Department of Rehabilitation (ODRC) and Leslie Payton. In his petition, Mr. Kennedy asserts that an illegal detainer was lodged against him by the ODRC and he seeks an order to have the detainer "swashed [sic]" and to be released from prison.

Construing the pleading as an attack on the legality of his Ohio sentence, Middle District Court of Georgia's Judge W. Louis Sands dismissed Mr. Kennedy's parole claims against the Georgia Board of Pardons, dismissed the Board as a party from this action and

transferred this in forma pauperis action to the Northern District of Ohio.

On October 30, 2007, both a certified copy of the docket and transfer order signed by Judge Sands were filed in this court.  For the reasons stated below, this action is dismissed without prejudice.

*Background*

The court notes that this is the second petition Mr. Kennedy filed in this court regarding the detainer lodged by the State of Ohio in 2005. The prior petition was dismissed by this court without prejudice on June 20, 2006 for failing to exhaust state court remedies.  See Kennedy v Drew, et al., No.3:06cv0758 (N.D. Ohio filed Apr. 3, 2006)(Gwin, J.)  In the Memorandum of Opinion and Order dismissing Mr. Kennedy's petition, Judge Gwin explained that although petitioner

> filed a pending mandamus action he does not indicate that an unfavorable decision has been issued by the court.  To be eligible for habeas relief on any given claim, a state prisoner first must fully and fairly present his claim, as a matter of federal law, to state courts. See Picard v. Connor, 404 U.S. 270, 275 (1971).  Merely raising an issue as a matter of state law will not satisfy the exhaustion requirement. See Riggins v. McMackin, 935 F.2d 790, 792-93 (6th Cir.1991).  If petitioner receives an unfavorable decision on his pending mandamus action then he should exhaust his appropriate state court remedies.

Id. at 4-5.[1]  When Mr. Kennedy filed his petition in this court in 2006 he was serving a sentence

---

[1] The court's reference to a "pending mandamus" was based on the following representations Mr. Kennedy made in his 2006 petition:

> At some point in the later part of 2005, Mr. Kennedy filed a Petition for Writ of Mandamus in the Court of Common Pleas, Lucas County Ohio. The petition was opposed by the county prosecutor in December 2005, who explained that Judge Skow's order to have Mr. Kennedy's state sentence served concurrently and coterminously with his federal sentence was invalid.  The

(continued...)

in Talladega Federal Correctional in Talladega, Alabama. He is now serving a one year term of imprisonment in the State of Georgia and believes he would be eligible for parole consideration 'but for' the detainer lodged by the State of Ohio.

Since this court dismissed Mr. Kennedy's petition in 2006, there is no indication that he received an unfavorable decision on his mandamus action or that he otherwise exhausted his state court remedies. Thus, this matter is still not ripe for review by this court.

Based on the foregoing, the petition is dismissed without prejudice for failure to exhaust state court remedies.[2] The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

S/Peter C. Economus - 1/10/08
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE

---

[1](...continued)
prosecutor maintained that prior to the enactment of Senate Bill 2 (SB2) in 1996, it was the Ohio Parole Authority that had exclusive authority to determine the length of an offender's criminal sentence. As such, Judge Skow's order in 1988 was an improper attempt to control the length of petitioner's sentence and invaded the province of the Ohio Parole Authority. There is no indication that, to date, a ruling has been issued in the Mandamus action.

Kennedy v. Drew, No. 3:06cv0758, at 3.

[2]This court expresses no opinion concerning whether Mr. Kennedy's claims are cognizable or concerning whether he may be found to have procedurally defaulted on said claims once he exhausts the state remedies available to him.